```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT


UNITED STATES OF AMERICA      ]
                              ]
     v.                       ]    Criminal No. 2:07-CR-119
                              ]
THOMAS EARL DOUGLAS           ]
```

ORDER

The grand jury returned a two count indictment against Defendant Thomas Earl Douglas on October 11, 2007. Count One charged the Defendant with violating 18 U.S.C. § 2422(b) by using a facility of interstate commerce to attempt to persuade, induce, and entice a person who had not attained the age of 18 years to engage in illegal sexual activity. Count Two alleged that Douglas knowingly transported child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1). On November 24, 2008 a jury in the District of Vermont returned guilty verdicts on both counts. Douglas filed a Renewed Motion for Judgment of Acquittal on Count One in December 2008. He asserts (1) the evidence was legally insufficient for the jury to conclude the defendant took a "substantial step" toward completing the crime of attempted enticement of a minor, (2) section 2422(b) does not extend to communications with persons whom the defendant knows to be an adult parent of a child, and (3) the government failed to introduce evidence of illegal sexual activity sufficient to sustain a conviction. For the reasons stated below, the Court hereby denies the Renewed Motion for Judgment of Acquittal.

Standards to be applied to post-verdict motions for judgment

have been clearly established. A party who challenges the sufficiency of the evidence supporting his or her conviction has a heavy burden. *See, e.g.*, *United States v. Bicaksiz*, 194 F.3d 390, 398 (2d Cir. 1999). Courts must assess the evidence in the light most favorable to the government. *United States v. Berger*, 224 F.3d 107, 116 (2d Cir. 2000). All issues of credibility must be weighed in favor of the government. *United States v. Howard*, 214 F.3d 361, 363 (2d Cir. 2000). The verdict must be sustained if "*any* rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

To prove criminal attempt, the government must prove that the accused had an intent to commit the crime and that he took a substantial step toward its completion. *United States v. Gagliardi*, 506 F.3d 140, 150 (2d Cir. 2007). "Substantial step" is satisfied if it is "'more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime.'" *United States v. Martinez*, 775 F.2d 31, 35 (2d Cir. 1985) (quoting *United States v. Manley*, 632 F.2d 978, 987-88 (2d Cir. 1980)).

A conviction under § 2422(b) requires an attempt to persuade, induce and entice a minor to engage in a sexual act, not an attempt to commit the sexual act itself. "'[A] conviction under § 2422(b) requires a finding only of an attempt to entice or an intent to entice, and not an intent to perform the sexual

2

act following the persuasion.'" *United States v. Joseph*, 542 F.3d 13, 18 (2d Cir. 2008) (quoting *United States v. Brand*, 467 F.3d 179, 202 (2d Cir. 2006)). In essence, the government in this case must prove the defendant took a substantial step toward completing the offense of enticement of a minor to engage in a sexual act. Courts must examine the constellation of factors, or the totality of circumstances, presented in a case to determine whether the government has proven a substantial step was taken by the accused.

In the instant case, the government introduced a series of on-line chats between Douglas and Detective Chaulk whom the Defendant identified as "Liz," the mother of a 13 year old child. Douglas used a screen name "ilikeyounggirls6up." He remained in contact with Liz over a period of time, including returning her phone calls. Douglas used numerous ploys to attempt to persuade Liz to bring her child to him, asserting he would have sex with both of them. He engaged in sexually explicit internet communications, including describing his efforts to have sex with one child with the permission of the child's father. In that case, he sent a pornographic depiction of the child allegedly having sex with her father. He told Liz he was experienced in sexually "training" children and that he would not hurt the child. More importantly, he also engaged in separate activities to encourage her to come to his home. He gave Liz his phone number. He told her he would help her find a nursing job in his area. He proposed that Liz and her child travel to his home in

Atlanta, Georgia. The first visit would occur at the first of the month and its duration would last three weeks. Douglas proposed they meet at the Southern Comfort bar on Mulland Boulevard in Atlanta and that they would then travel to his home. That level of detail in his description of when and where to meet, together with assurances he gave to Liz about his efforts to get her adjusted into the community, supports the government's assertion he both intended to entice Liz's child to engage in sexual acts and took a substantial step toward that objective. Based upon all of those factors, a reasonable jury could have concluded beyond a reasonable doubt Douglas both intended to entice a minor to engage in sexual activity and took a substantial step toward its accomplishment.

The Defendant relies upon *United States v. Gladish*, 536 F.3d 646 (7th Cir. 2008) to support his contention that there was insufficient evidence of his taking a substantial step toward completion of the crime. In *Gadish*, the Seventh Circuit found the defendant's internet communications with an undercover agent posing as a fourteen year old child in which the defendant "discussed the possibility of traveling to meet her in a couple of weeks" for sex did not constitute a substantial step sufficient to sustain a verdict in a § 2242(b) enticing case. *Id.*, at 648, 651.

*Gadish* is easily distinguishable. In the instant case, the Defendant made detailed plans to meet, far more specific than floating the possibility of a meeting in a couple of weeks. The

Court in *Gadish* observed this distinction when it agreed that "[t]he substantial step can be making arrangements for meeting the girl, as by agreeing on a time and place for the meeting." *Id.*, at 649. Here, the details regarding when and where the parties were to meet were clearly described.

Determination as to whether or not a substantial step was taken is fact-dependent, based upon the totality of the circumstances. Comparing facts in one case to those of another may have limited value, given that each case carries its own set of unique factors. The Court finds that a reasonable jury could have concluded based upon the totality of circumstances that Douglas had the intent to entice a child to engage in a sex act and performed a substantial step toward accomplishment of that objective.

Next, Douglas asserts § 2242(b) does not criminalize communications with an undercover officer posing as a guardian of a child. The Second Circuit has found an accused can be convicted of violating § 2242(b) without involvement of an actual victim. *United States v. Gagliardi*, 506 F.3d at 147. Other courts have found a defendant who acts through an adult intermediary is also liable for attempted enticement in violation of § 2242(b). *E.g.*, *United States v. Spurlock*, 495 F.3d 1011, 1013-1014 (8th Cir. 2007); *United States v. Murrell*, 368 F.3d 1283, 1286-87 (11th Cir. 2004); *United States v. Carter*, No. 1:04-CR-05306 OWW, 2006 WL 997867, at *3 (E.D. Cal, Apr. 17, 2006). The Eleventh Circuit concluded that "[b]y negotiating

with the purported father of a minor, Murrell attempted to stimulate or cause the minor to engage in sexual activity with him. Consequently Murrell's conduct fits squarely within the definition of 'induce.'" *Murrell*, 368 F.3d at 1287. Essentially, the purposes of the statute would be subverted if use of an intermediary to carry out the objective of the perpetrator prevented successful prosecution of the offender. *See id.* For these reasons, the Court finds § 2242(b) does apply to situations in which an undercover officer poses as guardian for a child and the perpetrator intends to use the guardian to induce the child to engage in sex acts.

Finally, Douglas argues the government failed to prove what constitutes illegal sexual activity in Alabama and Georgia. At trial the government introduced evidence about the sexual activity proposed by the defendant. The Court instructed the jury on the statutory rape laws of Alabama and Georgia to which the Defendant raised no objection. The Defendant could have been charged with statutory rape under the laws of either state if the sex acts had been accomplished. The jury could have reasonably concluded these offenses were illegal sexual activity under the statute.

WHEREFORE, the Court hereby DENIES the Defendant's Renewed Motion for Judgment of Acquittal on Count One.

Dated at Burlington, Vermont, this 3rd day of April, 2009.

<pre>
                         /s/ William K. Sessions III
                         William K. Sessions III
                         Chief Judge, U.S. District Court
</pre>